IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

**PHILLIP BRANDON SHIVAR,**       )
                                  )
       **Petitioner,**           )
                                  )
**v.**                            )    **Civil Action No. 5:08-1141**
                                  )
**UNITED STATES OF AMERICA,**     )
                                  )
       **Respondent.**           )

**PROPOSED FINDINGS AND RECOMMENDATION**

On November 13, 2007, Petitioner,[1] acting *pro se*, filed in the Eastern District of North Carolina a "Motion Seeking U.S. District Court Clarification and Order Regarding Court Imposed Fine During Petitioner's Sentencing Hearing."[2] (Document No. 1-1.) Petitioner alleges that "the District Court has mistakenly violated the United States Code when delegating its exclusive authority to set the amount and timing of Shivar's fine payments to the BOP and/or U.S. Probation Officer upon his release, without retaining ultimate authority over such decisions." (Id., p. 2.) Petitioner explains that "[t]he amount of installment payments, and their timing is a core judicial function, and therefore non-delegable." (Id.) Petitioner, therefore, argues that "the District Court

---

[1] On September 18, 2006, Petitioner pled guilty in the United States District Court for the Eastern District of North Carolina to one count of forging and counterfeiting obligations of the United States with the intent to defraud, in violation of 18 U.S.C. § 471. On December 26, 2006, the District Court sentenced Petitioner to a 46 month term of imprisonment, to be followed by a three year term of supervised release. The District Court further imposed a $100 special assessment and a $1,800 fine. Petitioner did not appeal his conviction or sentence. *United States v. Shivar*, Case No. 4:06-cr-0030 (E.D.N.C. Dec. 26, 2006). The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on June 23, 2010.

[2] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

may not, after fixing the amount of any fine, delegate ultimate authority for determining amounts of installments to the BOP and/or a probation officer." (Id., pp. 3 - 4.) Petitioner acknowledges that "he is responsible for any monetary assessment and/or fines stemming from his illegal conduct." (Id., p. 4.) Petitioner explains that he "voluntarily entered into a contract under the Federal Bureau of Prisons' Inmate Financial Responsibility Program[3] for an automatic $75.00 deduction each month from his commissary trust fund account," but he "no longer possesses the means or ability to pay the BOP I.F.R.P. $75.00 per month." (Id.) Petitioner complains that "the BOP continues to operate and collect special assessment costs, restitution and fines from inmates under the mistaken perception that it possesses the judicial authority to set the amount and timing of said payments." (Id., p. 5.) Therefore, Petitioner requests that the Court enter an "Order specifically stating that inmate Phillip Brandon Shivar, Register Number 25561-056, remit the amount of twenty-five dollars ($25.00) to the Bureau of Prisons on a quarterly schedule of payments, precisely every three months, to be credited toward the completion of any court imposed fine in accordance with Title 18 U.S.C. §§ 3572(a) and 3664." (Id., p. 6.)

As Exhibits, Petitioner attaches the following: (1) A copy of his Indictment as filed in the Eastern District of North Carolina in Criminal Action No. 4:06-0030 (Document No. 1-2.); (2) A

---

[3] The purpose of the IFRP is to "encourage each sentenced inmate to meet his or her legitimate financial obligations." 28 C.F.R. § 545.10. "The provisions of this rule apply to all inmates in federal facilities, except: Study and observation cases, pretrial detainees, and inmates in holdover status pending designation." Id. Section 545.11 provides that "[w]hen an inmate has a financial obligation, unit staff shall help that inmate develop a financial plan and shall monitor the inmate's progress in meeting that obligation." 28 C.F.R. § 545.11. An "inmate is responsible for making satisfactory progress in meeting his/her financial responsibility plan and for providing documentation of these payments to staff." 28 C.F.R. § 545.11(b). An inmate's process in IFRP "will be reviewed each time staff assesses an inmate's demonstrated level of responsible behavior." 28 C.F.R. § 545.11(c). "Refusal by an inmate to participate in the financial responsibility or to comply with the provisions of his financial plan ordinarily" results in the loss of certain advantages or privileges. 28 C.F.R. 545.11.

copy of his Plea Agreement as filed in the Eastern District of North Carolina in Criminal Action No. 4:06-0030 (Document No. 1-3.); and (3) A copy of the Judgment Order as entered in the Eastern District of North Carolina in Criminal Action No. 4:06-0030 (Document No. 1-4.).

By Order entered on March 20, 2008, the District Court for the Eastern District of North Carolina notified Petitioner of its intention to re-characterize his "Motion Seeking U.S. District Court Clarification and Order Regarding Court Imposed Fine During Petitioner's Sentencing Hearing" as a Section 2255 Motion pursuant to United States v. Emmanuel, 288 F.3d 644 (4th Cir. 2002). (Document No. 1-5.) The District Court further instructed Petitioner as follows:

> The court hereby permits movant to file a response to the court's proposed re-characterization within thirty (30) days from the date of this order. The court advises the movant that if, within the time set by the court, the movant agrees to have the motion re-characterized or does not respond in opposition to the re-characterization, the court shall consider the motion as one under § 2255 and shall consider it filed as of the date the original motion was filed. If, however, the movant responds within the time set by the court but does not agree to have the motion re-characterized, the court will not treat it as a § 2255 motion but shall rule on the merits of the motion as filed.

(Id.) By letter dated May 22, 2008, Petitioner notified the Eastern District of North Carolina that he opposed the re-characterization of his Motion. (Document No. 1-7.) By Order entered on September 30, 2008, the District Court for the Eastern District of North Carolina construed Petitioner's "Motion Seeking U.S. District Court Clarification and Order Regarding Court Imposed Fine During Petitioner's Sentencing Hearing" as a Section 2241 Petition and transferred this matter to this District as Petitioner was incarcerated at FCI Beckley. (Document No. 1.)

**ANALYSIS**

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct.

3

1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Application under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of his release from custody and the absence of collateral consequences, and therefore, his Section 2241 Application must be dismissed.[4] See e.g.,

---

[4] Notwithstanding the foregoing, the undersigned will briefly consider the merits of Petitioner's claim. The Fourth Circuit has recognized that 18 U.S.C. § 3663 imposes a nondelegable, "core judicial function" upon the sentencing court to set the amount and time of restitution payments. *United States v. Johnson*, 48 F.3d 806, 808 (4th Cir. 1995). In the instant case, however, the sentencing court did not improperly delegate its authority to the BOP as suggested by Petitioner. In the Judgment Order, the sentencing court imposed a $100 special assessment and a $1,800 fine and directed that payment was to begin immediately. (Document No. 1-4, pp. 5 - 6.) Thus, the BOP did not usurp the sentencing court's authority to set the time and amount of the restitution payments through IFRP. The IFRP is a program that provides an avenue for collection of payments toward a monetary penalty imposed by court order. *See* 28 C.F.R. § 545.10-545.11; *Webb v. Hamidullah*, 2006 WL 1946441 (D.S.C. Jul. 11, 2006)(unpublished)(finding that IFRP is not an improper

Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

**PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody (Document No. 1-1.) and **REMOVE** this matter

---

delegation of a judicial function because IFRP merely provides an inmate with a vehicle for ensuring that payment is made). The sentencing court further ordered that payment of the criminal monetary penalties was to "begin immediately." (Document No.1-4, p. 6.) When a court orders that payment is due immediately, the court sets the required amount and timing for payment of the criminal monetary penalty. *See United States v. Caudle*, 261 Fed.Appx. 501, 504 (4th Cir. Jan. 10, 2008). Generally, the requirement that payment be made immediately is interpreted to require payment to the extent possible, and to begin as soon as possible. *Coleman v. Brooks*, 133 Fed.Appx. 51, 53 (4th Cir. 2005). The BOP is not limited to considering only an inmate's ability to earn wages while in prison, but may consider all funds received by an inmate. *See* 28 C.F.R. § 545.11(b)(stating that "[p]ayments may be made from institution resources or non-institution (community) resources"). The BOP's establishment of a payment schedule under IFRP does not constitute an improper delegation of authority by the courts. *See United States v. Watkins*, 161 Fed.Appx. 337 (4th Cir. 2006); *Martin v. United States*, 2006 WL 231485 (N.D.W.Va. Jan. 31, 2006)(finding that "a sentencing court's order that a fine is due to be paid in full immediately is not an improper delegation of authority to the BOP, and the resultant 'payment schedule established by the BOP does not conflict with the sentencing court's immediate payment order'"). To the extent Petitioner is contending this to be a violation of his due process right, the undersigned finds his claim to be without merit. *See Johnpoll v. Thornburgh*, 898 F.2d 849, 851 (2nd Cir. 1990)(finding that the "IFRP program serves a valid penological interest and is fully consistent with the Bureau of Prisons' authorization, under the direction of the Attorney General, to provide for rehabilitation and reformation"). The compelled participation in IFRP is neither punitive in nature nor a violation of due process because it is reasonably related to a legitimate governmental objective of rehabilitation. *Id.*; *also see Cupp v. Reed*, 2009 WL 277554 (N.D.W.Va. Feb. 5, 2009)(finding that plaintiff failed to state a claim because "it is well-established that the BOP's inmate financial responsibility program is constitutional and that the negative consequences of not participating in the program are neither punitive nor do they violate the constitution"). Based on the foregoing, the undersigned finds that Petitioner's Petition to be without merit.

from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: January 6, 2012.

R. Clarke VanDervort
United States Magistrate Judge